**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
DAOQUAN BI,

                                                                                                         No. 17-cv-6563 (RML)
                                         *Plaintiffs,*

                    -against-

GUAN DONG YI JIA, INC.
        d/b/a Guan Dong Yi Jia
        d/b/a House of Orient Restaurant,
JIANQI CHEN
        a/k/a Jiangi Chen
        a/k/a Jianbo Chen, and
FENGQIN YU

                                                   *Defendants*.
------------------------------------------------------------------X

## DECLARATION OF JOHN TROY IN SUPPORT OF
## PLAINTIFFS' MOTION TO ENFORCE THE SETTLEMENT AGREEMENT

      I, John Troy, an attorney duly admitted to practice before this Court, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

      1.    I am the managing principal of Troy Law, PLLC and am counsel of record for Plaintiff Daoquan Bi in this action. I make this declaration in support of Plaintiff's motion to enforce the settlement agreement entered between the Plaintiff and Defendants Guan Dong Yi Jia, Inc d/b/a Guan Dong Yi Jia, d/b/a House of Orient Restaurant, JIANQI CHEN a/k/a Jiangi Chen, a/k/a Jianbo Chen and FENGQIN YU ("Defendants") on June 28 14, 2019, and/or to vacate, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, the Order of Dismissal entered by this Court on July 18, 2019 .

      2.    Plaintiffs brought an action to recover unpaid minimum and overtime wages, spread

of hours pay, liquidated damages, interest, attorney's fees, and costs pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. The action was commenced by filing of the summons and complaint on November 10, 2018. A true copy of the complaint is annexed hereto as **Exhibit**. (Dkt Entry No. 01)

3. After the parties conducted discovery and settlement discussions, the parties reached an agreement in principle and on December 10, 2018, advised the Court that a settlement had been reached. A copy of this joint letter to the Court is annexed hereto as **Exhibit 2**. (Dkt Entry No. 25).

4. After obtaining extensions to engage in continued settlement negotiations, on June 28, 2019, the parties jointly submitted a letter motion requesting court approval of the settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199, 206 (2d Cir. 2015). **Exhibit 3.** (Dkt Entry No. 31). The parties attached as exhibits the fully executed settlement agreement executed by Plaintiffs and Defendants on April 28, 2019, and a proposed Voluntary Order of Dismissal with Prejudice. A copy of the settlement agreement annexed thereto is annexed hereto as **Exhibit 4**. Dkt Entry No. 31.1.

5. On July 18, 2018, the Court "Ordered" the Motion for Settlement. The Court order is annexed hereto as **Exhibit 5.**

6. The settlement agreement required that Defendants will provide Plaintiff with a settlement amount of Twelve Thousand Nine Hundred Dollars ($12,900). The out off pocket Expenses is Two Thousand Six Hundred Eighty One Dollars and Eighty Cents ( $2,68.80). The total settlement amount is Ten Thousand Two Hundred Ten Dollars and Twenty Cents ($10,210.20) *See* Exhibit 4 at 1.

7. The settlement agreement provided that "Plaintiff Daoquan Bi will receive Six

Thousand Eight Hundred Twelve Dollars and Thirteen Cents ($6,812.13) Exhibit 4 at 1.

8. The Settlement agreement also provided that $12,900 shall be mailed to Troy Law PLLC at 41-25 Kissena Blvd Suit 103, Flushing, New York 11355 in three checks. *See* Exhibit 4 at 2 ¶ c.

9. The settlement agreement provided that "Plaintiffs' attorneys' fees Three Thousand Four Hundred Six Dollars and Seven Cents ($3,406.07) and One Third of the out of pocket expenses. *See* Exhibit 4 at 1 .

10. The settlement agreement provided that in case of there is late payment or default Defendants will be responsible for addition 9% late fees *See* Exhibit 4 at 3.

11. To the date Plaintiff has not received any payment which was due on December 20, 2019.

12. Plaintiff's Counsel have contacted the counsel of Defendants several times regarding the payment but he did not provide plaintiff with the payment. Annexed here to the email conversation between the Plaintiff Counsel and Defendant Counsel. See **Exhibit 6.**

13. On January 3, 2020 Defendants' Counsel had filed to withdraw as counsel and on February 20, 2020 the Court has granted the request to withdraw as Counsel.

14. As set forth more fully in the memorandum of law accompanying this motion, the settlement agreement was incorporated into the Court's July 18, 2019 Stipulation and Order of Voluntary Dismissal with Prejudice. Accordingly, this Court retains jurisdiction over the Parties' Settlement Agreement and is empowered to enforce its terms related to Defendants' breach.

15. Wherefore, Plaintiffs request that an Order be entered (1) Reopening this case for purposes of enforcement of the settlement agreement, and (2) Ordering Defendants to comply with the terms of the Settlement Agreement, including its default penalty provisions requiring, *inter alia*,

(a) the payment of all delinquent payments due and owing to Plaintiffs and Plaintiffs' counsel in accordance with the terms of the Settlement Agreement, (b) the payment of 9% liquidated damages for each individual non-payment or bounced check issued by Defendants under the settlement agreement, (c) the payment of Plaintiffs' counsel's attorneys' fees and costs incurred in bring this motion, all in amounts to be precisely computed and determined at a subsequent hearing and in accordance with the terms and conditions of the settlement agreement incorporated in Your Honor's July 18, 2019 Order, and (d) such other further relief as this Court deems just and proper.

16. I declare under penalty of perjury that the foregoing is true and correct.

Dated: Flushing, New York
April 13, 2020

By: _____
John Troy
Attorneys for Plaintiff

Subscribed and Sworn to
before me on the 13th of April, 2020

4/13/2020
_____
NOTARY PUBLIC

AARON B. SCHWEITZER
Notary Public, State of New York
No. 02SC6380865
Qualified in Nassau County
Commission Expires Sept. 17, 2022

4