UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
DAOQUAN BI, on behalf of himself and
others similarly situated,

                Plaintiff,

   -against-

GUAN DONG YI JIA, INC., d/b/a Guan
Dong Yi Jia, d/b/a House of Orient
Restaurant; JIANQI CHEN, a/k/a Jiangi
Chen, a/k/a Jianbo Chen, and FENGQIN YU,

                Defendants.
---------------------------------------------------------X

MEMORANDUM
AND ORDER
17 CV 6563 (RML)

LEVY, United States Magistrate Judge:

        Plaintiff Daoquan Bi ("plaintiff") commenced this action on November 10, 2017 under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. and the New York Labor Law. (See Complaint, dated Nov. 10, 2017, Dkt. No. 1.)  On December 10, 2018, the parties notified the court that they had settled and consented to my jurisdiction to review their forthcoming settlement agreement pursuant to Cheeks v. Freeport Pancake House, 796 F.3d 199 (2d Cir. 2015).  (See Letter of John Troy, Esq., dated Dec. 10, 2018, Dkt. No. 25; Consent to Magistrate Judge Jurisdiction, dated Dec. 10, 2018, Dkt. No. 26.)  On June 28, 2019, after receiving several extensions of time, the parties submitted their settlement agreement for fairness review.  (See Motion for Settlement Approval, dated June 28, 2019, Dkt. No. 31.)  On July 18, 2019, I approved the settlement and directed the Clerk of the Court to close the case.  (See Order, dated July 18, 2018.)  On April 13, 2020, plaintiff moved to enforce the settlement agreement, arguing that this court retained jurisdiction to do so by virtue of having approved the settlement agreement, annexed to which was a stipulation of dismissal stating "[t]his court retains

jurisdiction to enforce the Settlement Agreement and Release of this action." (See Memorandum of Law in Support of Motion to Enforce Settlement Agreement, dated Apr. 13, 2020 ("Pl.'s Mem."), Dkt. No. 41; Affidavit of John Troy, Esq., dated Apr. 13 ("Troy Decl."), Dkt. No. 40, Ex. 4.) The settlement agreement itself additionally contains a provision stating: "[a]ny dispute, claim, or cause of action arising out of, or relating to, Plaintiff's employment with Defendants or this Agreement shall be resolved in the United States District Court for the Southern District of New York[.]"[1] (See Troy Decl., Ex. 4, ¶ 12.)

"Actions to enforce settlement agreements are, in essence, contract actions which are governed by state law and which do not themselves raise a federal question unless the court which approved the settlement retained jurisdiction." LaBarbera v. Dasgowd, Inc., No. 03 CV 1792, 2007 WL 1531895, at *2 (E.D.N.Y. May 22, 2007). In order to retain jurisdiction over the enforcement of a settlement agreement, "a district court's order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order." Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994)). In such cases, the court "necessarily makes compliance with the terms of the settlement agreement a part of its order so that a breach of the agreement would be a violation of the order," and thus the court may enforce the agreement as an exercise of its ancillary jurisdiction. StreetEasy, Inc. v. Chertok, 752 F.3d 298, 305 (2d Cir. 2014) (brackets and internal quotation marks omitted) (quoting Roberson v. Giuliani, 346 F.3d 75, 82 (2d Cir. 2003)).

---

[1] The court presumes the reference to the Southern District of New York was made in error and that the parties intended to refer to the Eastern District of New York, where this case was filed.

"The Second Circuit has explicitly held that a district court does not retain jurisdiction to enforce a settlement merely by placing its 'judicial imprimatur' on the parties' settlement, such as by approving the settlement agreement as fair and adequate." Melchor v. Eisen & Son, Inc., No. 15 CV 113, 2016 WL 3443649, at *6 (S.D.N.Y. July 10, 2016) (citing Hendrickson, 791 F.3d at 359; Mao v. Mee Chi Corp., 15 CV 1799, 2016 WL 675432, at *1 (S.D.N.Y. Feb. 26, 2016)); see also Kokkonen, 511 U.S. at 381 ("The [court]'s mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of [its] order.")  In the context of FLSA settlements approved as fair and adequate under Cheeks, courts have repeatedly denied motions to enforce where the dismissal order did not contain language expressly retaining jurisdiction or incorporating the terms of the settlement agreement.  See, e.g., Thurston v. Flylift Holdings, LLC, No. 18 CV 9044, 2020 WL 2904065, at *2-3 (S.D.N.Y. June 3, 2020); Sanchez v. Charity Rest. Corp., No. 14 CV 5468, 2019 WL 4187356, at *2-3 (S.D.N.Y. Sept. 4, 2019); Melchor, 2016 WL 3443649, at *8-9; Mao, 2016 WL 675432, at *1.

Plaintiff asserts that, by approving the settlement agreement, to which the stipulation of discontinuance was annexed as an exhibit, I incorporated the terms of that stipulation into my dismissal order.  (See Pl.'s Mem. at 1-2.)  To the contrary, my order merely approved the terms of the settlement agreement as fair and adequate under Cheeks and directed the Clerk of the Court to close the case.  (See Order Granting Motion for Settlement, dated July 18, 2019); see also Melchor, 2016 WL 3443649, at *8 (explaining that, by approving the settlement, the court had "merely indicated its approval of the terms of the settlement" but "did not incorporate those terms into its Order," and that "[a] court's review and approval of a settlement's terms has no bearing on the question of whether a court retains jurisdiction to enforce the settlement").  I did not sign, so-order, or even acknowledge the stipulation of

3

discontinuance; nor does the language in the agreement itself providing that subsequent disputes will be resolved in the "Southern District of New York" have any bearing on retention of jurisdiction. See Thurston, 2020 WL 2904065, at *3 ("The parties' stipulation to the personal jurisdiction of the district court that approved the settlement similarly has no bearing on whether the court has retained ancillary jurisdiction over enforcement. . . . Stipulation to the district court's subject matter jurisdiction over enforcement proceedings is similarly futile."); Melchor, 2016 WL 3443649, at *8 ("Subject matter jurisdiction, unlike personal jurisdiction, cannot be created by agreement, consent, or any other act of a party."); accord Otegui v. City Works Constr. LLC, No. 14 CV 21057, 2017 WL 945638, at *3 (S.D. Fl. Jan. 17, 2019) ("The mere consent of the parties to jurisdiction without more cannot confer subject matter jurisdiction to the court; rather, the court must itself retain jurisdiction.").

Accordingly, plaintiff's motion to enforce the settlement agreement is denied for lack of subject matter jurisdiction.

SO ORDERED.

Dated: Brooklyn, New York
July 19, 2020

_____
ROBERT M. LEVY
United States Magistrate Judge

4